**Sandra Yolinda GUTIERREZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 08–73147.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Decided Jan. 20, 2010.

Antonio R. Salazar, Esquire, Salazar Law Office, Seattle, WA, for Petitioner.

OIL, Manuel Palau, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

## MEMORANDUM **

Sandra Yolinda Gutierrez, a native and citizen of Honduras, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir.2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir.2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

Gutierrez failed to raise any substantive arguments in her opening brief with respect to the BIA's dispositive determination that her asylum claim is time-barred. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed waived).

We reject Gutierrez' claim that she is eligible for withholding of removal based on membership in a particular social group or on account of her anti-gang political opinion due to the problems she had with gang members in Tegucigalpa and San Pedro Sula. *See Santos–Lemus v. Mukasey,* 542 F.3d 738, 745–46 (9th Cir.2008) (rejecting social group claim based on opposition to gang violence); *Barrios v. Holder,* 581 F.3d 849, 855–56 (9th Cir. 2009) (refusal to join a gang does not amount to a political opinion). In addition, substantial evidence supports the agency's determination that the assault on Gutierrez as she left Honduras was not on account of a protected ground. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir. 2004) ("Random, isolated criminal acts . . . do not establish persecution").

Accordingly, because Gutierrez failed to demonstrate that she was persecuted or fears persecution on account of a protected ground, we deny the petition as to the withholding of removal claim. *See Barrios,* 581 F.3d at 856.

Substantial evidence supports the BIA's denial of CAT relief based on its finding that Gutierrez did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Honduran government. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir.2003) (acquiescence requires "both actual knowledge and willful blindness") (internal quotations omitted).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.